The Court
(Dana, C. J., Sedgwick, and Thacher, justices), directed the demurrer to be set aside, and in nullo est erratum pleaded; because that plea is a confession of all errors in fact which are well assigned; and as the demurrer, in this case, can give the defendant no advantage which he might not have under that plea, they would not permit the record to be encumbered with unnecessary matter.
The Chief Justice was, at first, inclined to think that the remedy for Blanchard was by an application to the Court for a review of the action, and that a writ of error did not lie in cases of this nature. Parsons, as amicus curies, mentioned the case of Pike vs. Rogers decided in this Court at their November term, 1788, in Essex; and the record was ordered to be brought in. Upon examining the record of that case, it appeared that a writ of error was brought by Pike vs. Rogers upon a judgment of a justice of the peace, on the process law, (as it is usually called;) that the officer who served the original writ had attached the goods of Pike, and left a summons in form of law at his usual abode ; that the judgment was rendered without a continuance, and the error assigned was that, at the time of the service of the original writ, Pike was absent, out of the commonwealth, viz., at Philadelphia, and did not return until after the rendition of the judgment; to which assignment Rogers pleaded in nullo est erratum. And that the Court (Cushing, C. J., Sargeant, Sewall, Dana, and Sumner, justices, present) reversed the judgment.
Thacher, J.
I am not satisfied that the judgment now in question is erroneous; I think as the * party can [ * 344 J have a remedy by petitioning the Court for a review, he ought to be confined to that; in my opinion, there is a material difference between the law, (a) on this subject, as it stood in 1788, and as it now stands. As the law then was, if the party against whom a suit was brought were absent out of the state at the time of commencing the suit, and should not return before the time for trial, the cause should be continued. By the stat.. Feb. 17, 1798, § 5, *258 (stat. 1797, c. 50,) the provision is, that, in such cases, the Court shall continue the action to the next term on a suggestion of the fact icing made on the record. The last-mentioned act repeals the former, and, by the provision for noting the fact on the record, has, as it seems to me, made that an indispensable prerequisite to the obligation imposed, by the statute, on the Court to continue the cause to the next term ; and if so, the want of a continuance cannot be error, although it may be a reason for the interference of this Court in an application for a review of the action.
Sedgwick, J.
Where the law makes the existence of a fact a necessary requisite to the judgment of the Court, if the fact do not exist, the judgment will be erroneous. The statute of 1798, as well as the statute which was in force previous to that time, intends that no person against whom a suit is brought shall have judgment rendered against him at the first term, if, at the time of the service of the original writ, he was absent from the commonwealth, and did not return before the time of trial; and although the Court cannot know the fact otherwise than by a suggestion entered on the record, yet, if the plaintiff will take a judgment, he does it at his peril. It was his duty to make the suggestion, and in practice it was always made, if made at all, under the former statute, by the [ * 345 ] plaintiff; for who *else could make it? Not the defendant surely ; for he is supposed to be wholly ignorant of the existence of the suit. How, then, are the facts in the case be fore the Court ? It is assigned for error that the now plaintiff in error, the original defendant, was absent from the commonwealth at the time of the service of the original writ, and that he did not return before the rendition of the judgment. This is confessed to be true by the plea of the defendant in error. The statute is against the principle of the common law, (by which personal notice was always necessary,) and, therefore, it ought to be construed strictly. And it is of very great importance that judgments rendered against persons who have not, in fact, had notice should not be binding, unless the Court, from the positive provisions of the statute, are bound to say they are. In my opinion, the last, as well as the first statute on this subject, makes it indispensably requisite to the validity of a judgment rendered at the first term against a defendant, that he should be in the commonwealth at the service of the writ, or at some time thereafter previous to the rendition of the judgment. As neither was the fact in the case before the Court, I am clearly of opinion that the judgment of the Court of Common Fleas is erroneous.
Dana, C. J.
By the statute of February, 1798, it is enacted, *' that when a suit shall be brought, and no one of the defendants *259 named therein shall, at the time of the service thereof, be an inhabitant or resident within this commonwealth, or then be present within the same, and shall not return before the time of trial, then the court wherein such suit shall be pending," shall continue the same to the next term, on a suggestion of the fact being made on the record. And if the defendant whose absence was noted on the record shall not appear by himself or attorney, and be so remote that the .notice of such suit pending could * not [ * 346 ] probably be conveyed to him during the vacancy, the said court may continue the action to the next term.” The evident object of the law is, that the defendant should have notice of the suit against him. The statute is positive as to one continuance, but leaves it in the discretion of the court whether there shall be a second. It is said that the Court are not bound to continue unless the suggestion is made on record, because, without that, they cannot know the fact; admitted. But who is to make the suggestion ? The plaintiff, undoubtedly. And if he will take a judgment, he does it at his peril.
C. Jackson for the plaintiff) . C. Paine for the defendant 5 m error-

Judgment reversed.

The Court ordered that costs should be taxed for the plaintiff in error, the reversal of the judgment being for error in fact.

 Stat. 12 and 13 W. III, c. 7, P. L. B. page 122.